**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ANDREANNA ELIZE, individually and as the limited administrator of the Estate of Carlos Elize, deceased and ANTONIO ELIZE, individually and as the limited administrator of the Estate of Carlos Elize, deceased;

3:26-cv-00550 (BKS/MJK)

Plaintiffs,

v.

VALU AUTO, LLC; LINEAGE, INC.; LINEAGE LOGISTICS SERVICES, PFS, LLC; LINEAGE FOOD SERVICE SOLUTIONS, LLC; LINEAGE LOGISTICS HOLDINGS, LLC; BAY GROVE CAPITAL, INC.; BG LINEAGE HOLDINGS, LLC; and FRITZ C. PATRICK;

Defendants.

---

**Appearances:**

*For Plaintiffs:*
John H. Fisher
The New York Injury & Malpractice Law Firm, P.C.
278 Wall Street
Kingston, NY 12401

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### ORDER TO SHOW CAUSE

Plaintiffs Andreanna Elize and Antonio Elize, individually and as limited administrators of the Estate of Carlos Elize, bring this action against Defendants Valu Auto, LLC; Lineage, Inc.; Lineage Logistics Services, PFS, LLC; Lineage Food Service Solutions, LLC; Lineage Logistics Holdings, LLC; Bay Grove Capital, Inc.; BG Lineage Holdings, LLC; and Fritz C. Patrick; asserting that this Court has subject-matter jurisdiction over Plaintiffs' state law claims under the diversity jurisdiction statute, 28 U.S.C. § 1332, which grants the federal courts

jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (stating that "[i]t is well established that for a case to fit within [§ 1332], there must be complete diversity" between plaintiffs and defendants (internal quotation marks omitted)). The complaint asserts an amount in controversy that exceeds the jurisdictional amount. (Dkt. No. 1, ¶ 2). However, the complaint fails to sufficiently allege the citizenship of Defendants Valu Auto, LLC; Lineage Logistics Services, PFS, LLC; Lineage Food Service Solutions, LLC; Lineage Logistics Holdings, LLC; and BG Lineage Holdings, LLC. Accordingly, Plaintiffs are directed to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

"[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co. v. Housing Auth. of Harford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))). The party seeking diversity jurisdiction has the burden proving that diversity exists. *Braten v. Kaplan*, 406 F. App'x 516, 517 (2d Cir. 2011).

"[A] limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that, for purposes of

2

diversity jurisdiction, a limited liability company has the citizenship of its membership); *see also ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) (finding that "complete diversity of parties is lacking because some of the members of [the plaintiff limited liability company] are citizens of Kentucky and [the defendant] is also a citizen of Kentucky").

Here, the complaint alleges that Defendant Valu Auto, LLC is a New York limited liability company with its principal place of business in New York, (Dkt. No. 1, ¶ 7); Defendant Lineage Logistics Services, PFS, LLC, is a Michigan limited liability company with its principal place of business in Michigan, (*id.* at ¶ 11), Defendant Lineage Food Service Solutions, LLC is a Michigan limited liability company with its principal place of business in Michigan, (*id.* at ¶ 12); Defendant Lineage Logistics Holdings, LLC is a Michigan limited liability company with its principal place of business in Michigan, (*id.* at ¶13); and Defendant BG Lineage Holdings, LLC is a Michigan limited liability company with its principal place of business in Michigan, (*id.* at ¶ 14). But the complaint does not allege the citizenship of any of these Defendants' members. (*See generally id.*). As such, the allegations are insufficient to show that there is complete diversity of citizenship among the parties. *See, e.g.*, *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, 75 F. Supp. 3d 575, 584 (E.D.N.Y. 2015) (concluding that "diversity of citizenship" was not "a proper basis of subject matter jurisdiction" where the plaintiff limited liability company did "not set forth any allegations with respect to its structure or membership"). Accordingly, it is

**ORDERED** that Plaintiffs shall file a memorandum by May 14, 2026, showing cause why this action should not be dismissed for lack of subject matter jurisdiction; and it is further

**ORDERED** that if Plaintiffs maintain that there is complete diversity between the

3

parties, it shall submit supporting evidence, including affidavits, identifying the citizenship of each member of the limited liability companies.

**IT IS SO ORDERED.**

Dated: <u>April 23, 2026</u>
       Syracuse, NY

Brenda K. Sannes
Chief U.S. District Judge

4